## Mooney's Estate

*Fox & McTighe*, for petitioner.

*Harold D. Saylor*, for respondent.

HOLLAND, P. J., December 6, 1939.—The petition for removal of Eugene V. Barthmaier as a trustee is, as averred in the eleventh paragraph of the petition, based upon the removal by the said trustee of his residence outside this State. By the eleventh paragraph of the answer this fact is admitted. Eugene V. Barthmaier has removed his residence from the Commonwealth of Pennsylvania and has become domiciled in the County of Washoe, Nevada. He has also, according to the petition, declared his intention to remain permanently and establish his home in said county and State.

The answer avers, however, that although he has so removed his residence to Nevada, he still is in and about Philadelphia a sufficient time to attend to his duties as trustee. There was no secret made of the fact that the trustee established his residence in Nevada for the sole purpose of obtaining a Nevada divorce from his wife,

Mary Barthmaier, who is the present and current life beneficiary of the income of the residuary trust, and who has joined in the petition. The likelihood, therefore, is that Mr. Barthmaier, having attained the object of establishing his residence in Nevada, will continue his actual residence most of the time in and about Philadelphia. Be that as it may, he admits in his answer that he has removed his residence to Nevada.

The trustee in his answer seems to indicate that his chief concern is: First, securing his share of the commission; and, second, that it be thoroughly understood that he has thus far performed his duties as trustee with fidelity. The latter is admitted, or, at least, there is no averment to the contrary, and we therefore assume in acting upon this petition, that he has up to the present time performed his duties as trustee with due fidelity as required by law. As to the matter of commissions, there can be no doubt that he is entitled to his fair share of commissions upon the income, and that upon his retirement as trustee, he is entitled to his proportionate share of commissions on the principal up to that time, calculated according to well-settled principles of law. The question of commissions can be only properly settled upon his accounting, and will be awarded in the adjudication thereupon.

We gather from the trustee's answer that if he is assured of his share of the commissions, he does not strenuously oppose his removal.

As he concedes the removal of his residence from the Commonwealth of Pennsylvania, his removal from office as trustee might be decreed on that ground alone. But, there are other considerations. The petition is by one of two remaindermen who are now in being and is joined in by the other remainderman, they being respectively his daughter and son, and by his wife, who is the present life beneficiary. All the major beneficiaries, therefore, interested in the residuary trust, are unanimous in requesting his removal. Furthermore, he has divorced his wife,

and obviously has become estranged from his children. It is a condition that is not conducive to the best management of the estate on his part. While friction between a fiduciary and one or more beneficiaries of the trust is not, standing alone, sufficient ground for the removal of the trustee, it may be taken into consideration with other elements constituting grounds for removal.

Upon the whole view of the case, it appears to the court that his removal as trustee is for the best interests of the trust.

And now, December 6, 1939, Eugene V. Barthmaier is removed from his office as trustee. He is ordered and directed to file his account forthwith.